<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSSELL CUCIAK, *pro se*, | Civ. No. 05-604 (GEB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| THEODORE J. HUTLER, *et al.*, | |
| Defendants. | |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon the separate motions of defendants Maria Alicea, Theodore Hutler, and Mark Coleman (collectively referred to as "moving defendants") for summary judgment on pro se plaintiff Russell Cuciak's ("Plaintiff") Complaint. The Court has decided the motions based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the moving defendants' motions for summary judgment are granted.

**I. BACKGROUND**

Plaintiff was a pre-trial detainee at the Ocean County Jail, beginning July 11, 2004. During his detainment, Plaintiff was examined several times by defendant Coleman, the independent contractor dentist employed at the jail, pursuant to Plaintiff's complaints about a painful tooth. Plaintiff alleges that the tooth was not removed for several months and his second occurrence of tooth pain went unattended.

On or about January 27, 2005, Plaintiff filed his Complaint alleging constitutional violations under 42 U.S.C. § 1983 against the moving defendants. Plaintiff alleges the delay in dental care constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.[1] On or about March 8, 2006, defendant Alicea moved for summary judgment; on or about March 13, 2006, defendant Hutler moved for summary judgment; and on or about March 20, 2006, defendant Coleman moved for summary judgment. Plaintiff has not filed opposition to the moving defendants' motions.

**II. DISCUSSION**

    A. Standard for a Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to

---

[1] Plaintiff also briefly alleges a violation of state law. Although Plaintiff filed his Complaint pro se, requiring the Court to construe it liberally, Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004), the brief mention of a state law violation is in the context of his allegations of a violation of the Eighth and Fourteenth Amendments, which is the essential basis of his Complaint.

return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

> Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:
>
>> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the Rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S.

at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue."  L. Civ. R. 56.1.  "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted).  "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted).  However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in

error." Id. (citation omitted).

  B. <u>Plaintiff has not Demonstrated Deliberate Indifference to Sustain his Claims</u>

  As a preliminary matter, the Court again notes that there is no record of Plaintiff filing any opposition to the motions of the defendants despite defendants' certifications of mailing and no record of returned mail.  Consequently, pursuant to Rule, defendants' statements of undisputed facts are deemed admitted as to all properly supported facts.

  The essence of Plaintiff's allegation of inadequate medical treatment is that his painful tooth was not removed for several months and his complaints of other tooth pain went unheeded. Defendants separately moved for summary judgment on the basis that Plaintiff received sufficient medical care above the level of deliberate indifference necessary to sustain his claims. In <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), the Supreme Court concluded "that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment." <u>Id.</u> at 104 (internal citation omitted).  Thereafter, the Third Circuit noted that "even though the constitutional protections afforded prisoners and pre-trial detainees against inadequate medical care arise from different textual sources, the standards governing the provision of medical care to each class are similar." <u>Hubbard v. Taylor</u>, 399 F.3d 150, 166 n.22 (3d Cir. 2005)(citing <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 472 (3d Cir. 1987), <u>cert. denied</u>, 485 U.S. 991 (1988)); <u>see also</u> <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d 575, 581-82 (3d Cir. 2003).  Therefore, "[i]n order to establish a violation of [Plaintiff's] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." <u>Natale</u>, 318 F.3d at 582.

Plaintiff alleged the claim against Alicea pursuant to her role as supervisor. This Court has previously held that defendants with no direct contact or direct supervisory involvement with inmates are entitled to summary judgment unless the plaintiff can show personal involvement by the defendant in the incidents that are alleged to have violated plaintiff's civil rights. See Taylor v. Plousis, 101 F. Supp. 2d 255, 263 (D.N.J. 2000)(citations omitted). Here, however, there are no genuine issues of material fact with respect to Alicea's complete lack of involvement in Plaintiff's dental care. Therefore, summary judgment is granted with respect to Plaintiff's claims against Alicea.

Plaintiff alleged the claim against Hutler pursuant to his position as warden. However, there is no respondeat superior liability in Section 1983 actions and in order to assert a claim against the warden, Plaintiff is required to "show that a constitutional deprivation resulted from an official custom or policy or, alternatively, from the actions of an official with 'final authority to establish . . . policy.'" Id. at 264 (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)); see also Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993)(stating that prison officials did not act with deliberate indifference where the detainee was under the care of medical professionals). Here, Plaintiff has not demonstrated that a constitutional deprivation occurred in connection with his dental care nor that it resulted from an official custom or policy or from the actions of an official with the authority to establish such policy. Therefore, summary judgment is granted with respect to Plaintiff's claim against Hutler.

Plaintiff alleged that Coleman failed to provide due medical care to Plaintiff, but as set forth in Coleman's Brief and accompanying submissions, the evidence indicates that Coleman provided due care well beyond the level of deliberate indifference that Plaintiff must show. The

records demonstrate that Plaintiff received a dental screening on July 11, 2005, which did not lead to a referral to the dentist.  On July 14, 2004, Plaintiff submitted a dental request, without noting any specific complaints on the request form, and was examined by Coleman.  Coleman's notes indicated Plaintiff's complaint of occasional pain in one tooth.  On September 27, 2004, Coleman examined Plaintiff in a routine screening and noted Plaintiff's general dental status.  On January 7, 2005, Plaintiff submitted a dental request, without noting any specific complaints on the request form, and was examined by Coleman.  Thereafter, Plaintiff signed a consent for dental surgery for the extraction of the upper left second molar due to gross decay.[2]

Based upon the evidence presented, the Court concludes Coleman provided dental care above the level of deliberate indifference and Plaintiff's claim must fail.  Therefore, summary judgment is granted with respect to Plaintiff's claim against Coleman.

### III.  CONCLUSION

For the foregoing reasons, the moving defendants' motions for summary judgment are granted.  An appropriate form of order accompanies this Memorandum Opinion.


Dated: May 5, 2006


                                            s/ Garrett E. Brown, Jr.
                                            GARRETT E. BROWN, JR., U.S.D.J.

---

[2] Following the initial filing of Plaintiff's Complaint, on March 2, 2005, Plaintiff submitted a dental request, noting a painful tooth that he alleged Coleman promised to fix two months prior.  On March 7, 2005, Coleman examined Plaintiff and his notes indicate that Plaintiff should be scheduled for procedures on two teeth in the next week, if possible.  On March 11, 2005, it appears that Coleman examined Plaintiff and performed procedures on two teeth.